UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | |
| ) | |
| **VS.** ) | **SA-15-CR-433-XR** |
| ) | |
| **JOSE SOCORRO GONZALEZ-VERA** ) | |

**FINDINGS OF FACT AND CONCLUSIONS OF LAW**

On December 7, 2015, the Court held a bench trial in the above-captioned cause. Defendant JOSE SOCORRO GONZALEZ-VERA was present and represented by counsel. After questioning by the Court, Defendant indicated that he understood his rights and knowingly waived his right to trial by jury. In addition, the Defendant previously signed a waiver wherein he waived his right to trial by a jury (docket no. 39).

After hearing the evidence, the Court has determined that Defendant is guilty beyond a reasonable doubt of violating 8 U.S.C. § 1326 (illegal re-entry). In accordance with Federal Rule of Criminal Procedure 23(c), the Court enters these Findings of Fact and Conclusions of Law with respect to the Defendant.

The Defendant was charged in an indictment with illegal re-entry into the United States (docket no. 12). The indictment alleges that the Defendant was removed from the United States on or about May 20, 2002, and was found in the United States on or about May 26, 2015, and that he had not received the consent of the Attorney General to reapply for admission.

The Court makes the following findings of fact:

1. The Defendant is a citizen of the Republic of Mexico and accordingly the Defendant was an alien at the time alleged in the indictment.[1]

2. On or about May 20, 2002, the Defendant had been excluded, deported, or removed from the United States.[2]

3. On or about May 26, 2015, the Defendant was found in the United States.[3]

4. The Defendant had not received the consent of the Attorney General of the United States to apply for readmission to the United States since the time of the Defendant's previous deportation.[4]

5. The Defendant is guilty beyond a reasonable doubt of violating 8 U.S.C. § 1326 (illegal re-entry).

## Conclusions of Law

The Indictment charges Defendant with violating 8 U.S.C. § 1326, which makes it a crime for an alien to enter the United States after being deported at some earlier time. For the Court to find the Defendant guilty of this crime, the Government must prove each of the following beyond a reasonable doubt:

(1) that Defendant was an alien at the time alleged in the Indictment;

(2) that Defendant previously had been denied admission, excluded, deported or removed from the United States;

---

[1] Gov't. Ex. 9.
[2] Id.
[3] Id.
[4] Id.

(3) that thereafter, Defendant entered, attempted to enter, or was found present unlawfully in the United States; and

(4) that Defendant had not received the consent of the Attorney General of the United States to apply for readmission to the United States since the time of Defendant's previous deportation.

The Government has proven beyond a reasonable doubt that Defendant was an alien at the time alleged in the Indictment; that Defendant previously had been deported from the United States; that thereafter Defendant was found present unlawfully in the United States; and that Defendant had not received the consent of the Attorney General of the United States to apply for readmission to the United States since the time of Defendant's previous deportation.

Defendant's argument that he had received de facto permission to reenter the United States lacks legal merit.

On or about February 8, 1996, Defendant aided and abetted the transportation of aliens to enter the United States at a time and location other than designated by immigration officers. He pled guilty to the offense and was sentenced to five years of probation.[5] On February 9, 1996, an Order to Show Cause was personally served upon him to determine why he should not be deported from the United States because of the charge set forth above and because he failed to enter the United States at a proper location.[6]

On April 24, 1997, a deportation proceeding was held. The Defendant was present and represented by counsel. The Immigration Judge found that the Immigration Service met its

---

[5] Gov't. Ex. 10.
[6] Govt. Ex. 1.

"burden of proving deportability by clear, convincing and unequivocal evidence" because the Defendant crossed into Mexico and returned into the United States at an unlawful location, without inspection, and that he assisted others to inter illegally.[7]  On April 28, 1997, the Defendant was ordered deported to Mexico and was otherwise found ineligible for relief.[8]  The Defendant's Lawful Permanent Resident status was revoked at that time.

The Defendant appealed that decision, but the appeal was ultimately dismissed for failure to file the requisite briefs.  On August 26, 1999, a Warrant of Removal/Deportation was signed authorizing the arrest and removal of the Defendant.

On May 8, 2002, the Defendant presented himself for inspection at the Eagle Pass, Texas port of entry.  He presented a Form I-551 Permanent Resident Card, file no. A74 372 896.  At that time immigration officials discovered the August 1999 Warrant of Removal.  The immigration officials also discovered that the Defendant had another A file (A91 370 900).  The Defendant was not admitted into the United States, placed into custody, and was removed to Mexico on May 20, 2002.[9]  Sometime after May 20, 2002, the Defendant re-entered the United States.

On May 3, 2010, the Defendant completed a Form I-90, Application to Replace Permanent Residence Card stating that his card was lost, stolen, or destroyed.  He provided a residential address in San Antonio, Texas on that application.[10]  The request was denied on September 28, 2010.  The Defendant also received a written decision denying his Form I-90

---

[7] Gov't. Ex. 11.
[8] Gov't. Ex. 2 and 3.
[9] Gov't. Ex. 4 and 6.
[10] Gov't. Ex. 7.

application (referencing file no. A74372896) on or about November 1, 2010.[11]  The Decision stated he was ordered deported on April 28, 1997; there was no record that he regained lawful permanent resident status, and he was ineligible to receive a replacement card.

The Defendant was arrested in 2007 in Guadalupe County, but immigration officials did not become aware of the Defendant's presence at that time.  In 2010, the Defendant sought a replacement lawful permanent residence card, but Defendant was not "found" by immigration officials at that time.  See docket no. 33, Order denying motion to dismiss indictment.

Any argument that Defendant should have been arrested and deported between 2002 through 2015, fails to establish that he was given de facto permission to reenter and remain in the United States.  Defendant was required to comply with the provisions of 6 U.S.C. §§ 202 and 557 to obtain consent for re-admission and failed to do so.

SIGNED this 7th day of December, 2015.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE

---

[11] Gov't. Ex. 8.